***********
After review of the record and documents from the Full Commission file, and listening to the oral arguments of the parties, the Full Commission finds that good grounds exist to remand this matter to the Deputy Commissioner section to gather evidence on whether Plaintiff timely filed her appeal to the Full Commission, and if not, whether Plaintiff can show excusable neglect.
Plaintiff appeared pro se at the hearing before the Deputy Commissioner on September 16, 2008. In correspondence dated September 29, 2008, the law firm of Brumbaugh, Mu King, P.A. advised the Deputy Commissioner that Plaintiff retained them to represent her in these proceedings. Over the next several months, the law firm of Brumbaugh, Mu King, P.A. continued to correspond with the North Carolina Industrial Commission concerning Plaintiff's *Page 2 
claim, including the submission of contentions and a proposed Opinion and Award. On April 19, 2009, the Deputy Commissioner sent a copy of the Opinion and Award filed that same date via facsimile. As such, notice of appeal to the Full Commission would have been due no later than May 4, 2009. On May 13, 2009, Plaintiff submitted a handwritten note to the North Carolina Industrial Commission signed by her and stating the following: "I Annette Lawrence McRae is [sic] filing a notice of Appeal. Filed by Deputy Commissioner Buddour [sic] on April 09." On May 26, 2009, the law firm of Brumbaugh, Mu King, P.A. submitted correspondence, a Motion, and a proposed Order seeking to withdraw as counsel of record for Plaintiff. On June 2, 2009, Chair Pamela T. Young signed an Order permitting the law firm of Brumbaugh, Mu King, P.A. to withdraw as counsel of record for Plaintiff.
The North Carolina Industrial Commission "has inherent power to set aside one of its former judgments." This "power to provide relief against the operation of a former judgment is an integral part of the judicial power . . . [which] the legislature impliedly vested . . . in the Commission in conjunction with the judicial power the legislature granted it to administer the Worker's Compensation Act." Hogan v. Cone Mills Corporation,315 N.C. 127, 137-140, 337 S.E.2d 477, 483-484 (1985).
The Full Commission ORDERS that this matter be remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the taking of evidence on Defendant's Motion to Dismiss Plaintiff's Appeal to the Full Commission, and any evidence Plaintiff may present on excusable neglect or grounds to set aside the judgment of the Deputy Commissioner.
The Deputy Commissioner shall gather the evidence, order a transcript of the proceedings, and forward such transcript to the Full Commission for review and decision. Upon *Page 3 
receipt of the transcript of the remanded proceedings, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
This the __ day of December 2009.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER